# APPEAL OF NEW CASTLE AND FRANKLIN RAILROAD COMPANY.

An order, appointing a receiver for a Railroad Company, is in effect an injunction, from which an appeal may be taken.

The Court should not appoint a receiver, merely upon a bill filed, without being supported by affidavits.

Appeal from Court of Common Pleas of Lawrence County. In Equity. No. 359 October and November Term, 1879.

W. S. Crawford filed a Bill in Equity against the New Castle and Franklin Railroad Company and Alexander Bradley, trustee, alleging that he was a stockholder in said Railroad Company and that said Bradley, trustee, under a certain mortgage had taken possession and was about to sell the railroad. He alleged that illegal issues of bonds were made, and that the directors were acting in collusion to have the road sold after having wasted its funds. The Court below upon the bill filed, without injunction affidavits, on June 30, 1879, made an order, appointing W. C. Quincy, Esq., receiver of the railroad. From this decree the Railroad Company appealed.

*Messrs. S. Griffith, L. M. Plumer, D. B. & E. T. Kurtz, Esqs.,* for appellant, argued that a decree appointing a receiver is in effect an injunction, and hence an appeal will lie; Act February 14, 1866, P. Laws, 28; Gravenstine's Appeal, 49 Pa., 321; Schlect's Appeal, 60 Pa., 173; Oil Co. vs. Petroleum Co., 6 Phila., 521. An appointment of a receiver without affidavits in support of the bill is erroneous; Kincaid's Appeal, 66 Pa., 411; New Boston Coal Co.'s Appeal, 54 Pa., 164; Lyon's Appeal, 61 Pa., 15.

*R. B. McComb, Esq., contra,* cited Robert's Appeal, 60 Pa., 400; Jessup vs. Bank, 14 Wisconsin, 359; Williamson vs. New Albany Railroad, 1 Bissell; Jones vs. Holliday, 37 Georgia, 573.

The Supreme Court reversed the decree of the Common Pleas on June 14, 1880, in the following opinion,

PER CURIAM:

We do not mean to decide that the appointment of a receiver is, in all cases, a decree from which, under the Acts of Assembly, an appeal lies to this Court. It is enough that in this

case, in order to be effective, it ought to have been accompanied with an injunction to the trustee. It is contended that the decree necessarily tied his hands and prevented him from proceeding under the mortgage. But does not that show that he was enjoined? We think that we have jurisdiction of this appeal according to Schlecht's Appeal, 10 P. F. Smith, 172, where, conceding that the appointment of a receiver was a distinct and independent decree from that for an injunction, we reversed both, saying: "The order for the receiver is itself an injunction." We do not discover the merits on appeals from preliminary injunctions where the case can come up again on appeal from a final decree; at least this has, of late, been our general practice. It is enough, therefore, to say that without the necessary injunction, the Court below ought not to have made the order.

Decree reversed; appointment of receiver vacated at the costs of the appellees, and record remitted for further proceedings